IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

SHC HOLDINGS, LLC d/b/a )
SPECIALTY HOUSE OF CREATION, )
                                              )
                  Plaintiff, )
                                              )         Case No. ___CIV-16-400-W_____
v. )
                                              )
AdMotions Direct, )
                                              )
                  Defendant. )

## COMPLAINT

Plaintiff SHC Holdings, LLC ("Plaintiff" and/or "SHC"), through its undersigned attorneys, file this Complaint against Defendant, AdMotions Direct ("Defendant" or "AdMotions"), and states and alleges as follows:

## PARTIES

1. SHC is a limited liability corporation organized under the laws of the State of Kansas its principal place of business located at 200 North Walnut, Cottonwood Falls, Kansas 66845.

2. Defendant is a corporation organized under the laws of the State of Oklahoma with its principal place of business located at 2333 East Britton Road, Oklahoma City, Oklahoma 73131.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

17054339_1

4. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

5. Injunctive relief is authorized by 35 U.S.C. § 271, and 17 U.S.C. § 502(a).

6. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business within this State and this District by, among other things, selling or offering for sale infringing devices.

7. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 because the events giving rise to the claims asserted herein occurred in this District, and Defendant has committed acts of infringement in this District.

## BACKGROUND

8. On February 10, 2004, U. S. Patent No. D486,531 ("the '531 patent") entitled "Slot Machine Card Holder" issued to SHC. A true and correct copy of the '531 patent is attached as Exhibit 1.

9. SHC received from the Register of Copyrights a Certificate of Registration for a Slot Claw sculpture, registration No. VA 1-867-812 ("the '812 registration"), effective July 8, 2013. A true and correct copy of the '812 registration is attached as Exhibit 2.

10. SHC owns all right, title and interest to the '531 patent, and the '812 registration, including the right to sue for past, present and future infringements.

17054339_1

11.     SHC has owned the '531 patent throughout the period of the Defendant's infringing acts.

12.     The '531 patent is valid and enforceable.

13.     SHC has complied with the statutory requirement of placing a notice of the '531 patent on the devices it has made and sells.

## COUNT I - '531 PATENT INFRINGMENT

14.     SHC incorporates by reference the foregoing allegations as if fully set forth herein.

15.     On information and belief, AdMotions Direct has committed and is continuing to commit direct acts of infringement of the '531 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing Casino Bungee Cords. A Casino Bungee Cord sold by AdMotions Direct is shown below on the left next to Fig. 1 of the '531 Patent.

 

FIG. 1

16. SHC has been damaged as a direct result of the infringement of the '531 patent. SHC continue to be damaged unless further infringement is enjoined.

17. SHC is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate SHC for AdMotions Direct's infringement of the '531 patent. SHC is entitled to in no event less than a reasonable royalty for the infringement and use made of the invention of the '531 patent by AdMotions Direct, all together with interest and costs.

18. On information and belief, AdMotions Direct's past and continuing infringement of the '531 patent has been and continues to be deliberate and willful.

19. AdMotions Direct's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

20. Moreover, this is an exceptional case that entitles SHC to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II – COPYRIGHT INFRINGEMENT

21. SHC repeats and incorporates the allegations contained in the preceding paragraphs.

22. On information and belief, AdMotions Direct copied the Slot Claw sculpture.

23. AdMotions Direct's copying, use and sale of the sculpture to Lucky Star Casino in Concho, Oklahoma without SHC's permission or authority is a violation of its exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and as a result, SHC has been damaged and is entitled to damages.

17054339_1

24. AdMotions Direct's sale of SHC's sculpture without SHC's permission or authority is a violation of its exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and as a result, SHC has been damaged and is entitled to damages.

### WILLFUL INFRINGMENT

25. SHC incorporates by reference their foregoing allegations as if fully set forth herein.

26. On information and belief, Defendant's past and continuing infringement of the '531 patent has been deliberate and willful. Its conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284. Moreover, this is an exceptional case as set forth in 35 U.S.C. § 285 warranting an award of attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, SHC respectfully prays that this Honorable Court:

A. A judgment that AdMotions Direct has infringed the '531 patent;

B. A judgment and order permanently restraining and enjoining AdMotions Direct, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '531 patent, or otherwise directly or indirectly committing further acts of infringement of the patent;

17054339_1

   C. A judgment and order requiring Defendant to pay damages to SHC adequate to compensate it for Defendant's wrongful infringing acts in accordance with 35 U.S.C. § 284;

   D. A judgment and order requiring Defendant to pay increased damages up to three times, in view of their willful and deliberate infringement of the '531 patent;

   E. A finding in favor of SHC that this is an exceptional case under 35 U.S.C. § 285 and an award to SHC its costs, including reasonable attorney's fees and other expenses incurred in connection with this action;

   F. A judgment and order requiring Defendants to pay SHC pre-judgment interest under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961 on all damages awarded;

   G. A judgment and order of temporary and permanent injunction to prevent or restrain Defendant from infringement of SHC's copyright under 17 U.S.C. § 502;

   H. A judgment and order impounding and destruction of all of Defendant's infringing copies, molds, and means for creating infringing copies of SHC's protected works under 17 U.S.C. § 503;

   I. A judgment and order requiring Defendant to pay SHC's actual damages and any additional profits of Defendant under 17 U.S.C. § 504;

   J. A judgment and order requiring Defendant to pay to SHC its full costs and reasonable attorney's fees under 17 U.S.C. § 505; and

   K. Such other and further relief as the Court deems just and appropriate.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Oklahoma City, Oklahoma as the place of trial of the above-styled matter.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests trial by jury of the above-styled matter.

Respectfully submitted,

*/s/Robert W. Dace*
Robert W. Dace
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
bob.dace@mcafeetaft.com

*Attorneys for Plaintiff*
*SHC Holdings, LLC*

17054339_1